**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| FLOYD DORTCH, | Civil No. 05-2873 (JRT/AJB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| R.L. MORRISON, Warden, | |
| Respondent. | |

Floyd Dortch, #04272-424, USP Florence ADMAX, U.S. Penitentiary, P.O. Box 8500, Florence, CO 81226, petitioner pro se.

Anders Folk, Assistant United StatesAttorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Floyd Dortch is a federal prisoner serving a 240-month sentence imposed pursuant to a conviction in the Southern District of Illinois.  Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The petition challenges a policy of the Federal Bureau of Prisons ("BOP"), set forth in 28 C.F.R. §§ 570.20 and 570.21, which limits transfer to a community confinement center, commonly known as a "halfway house," to the lesser of the last ten percent of the sentence or six months.  Petitioner seeks an order requiring the BOP to either immediately transfer him to a halfway house, or to immediately review whether he should be placed in a halfway house.  At the time petitioner filed his petition, he was an inmate at the Federal Prison Camp in Duluth, Minnesota, but he has since been

transferred to the Administrative Maximum facility in Florence, Colorado.[1] His projected release date is October 9, 2008.

In a Report and Recommendation dated May 30, 2006, United States Magistrate Judge Arthur J. Boylan recommended granting in part and denying in part Dortch's petition. Currently before the Court is petitioner's objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of petitioner's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules petitioner's objection and adopts the Report and Recommendation of the Magistrate Judge.

## ANALYSIS

The Magistrate Judge concluded that the BOP may not categorically determine the amount of halfway house placement time that a prisoner will be allowed under 18 U.S.C. § 3624(c). *See Fults v. Sanders*, 442 F.3d 1088, 1088-92 (8th Cir. 2006). Rather, the BOP must exercises its discretion on a case-by-case basis and must consider the particular circumstances relating to the individual prisoner. *Id.* The Magistrate Judge also concluded, however, that there is no authority that requires the BOP to conduct its final halfway house eligibility review on the time schedule demanded by the prisoner.

---

[1] This petition for habeas corpus was properly filed while petitioner resided at the Federal Prison Camp in Duluth, Minnesota. It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change. *Weeks v. Wyrick*, 638 F.2d 690, 692-93 (8th Cir. 1981); *Harris v. Ciccone*, 417 F.2d 479, 480 n.1 (8th Cir. 1969), *cert. denied*, 397 U.S. 1078 (1970); *see also Ex parte Endo*, 323 U.S. 283, 304-07 (1944). Accordingly, respondent's motion to dismiss petition pursuant to 28 U.S.C. § 2241 [Docket No. 12] is denied.

Petitioner objects to the Report and Recommendation, arguing that the BOP should be ordered to immediately review his halfway house eligibility because his individualized circumstances justify his immediate release to a halfway house.

The Eighth Circuit decision in *Fults* invalidated 28 C.F.R. §§ 570.20 and 570.21, and the BOP has since changed its position on halfway house placement.  The BOP has expressly stated that it will follow the guidelines and policy on halfway house placement without regard to the invalidated regulations.  However, as the Magistrate Judge correctly noted in the Report and Recommendation, neither *Fults* nor any other authority requires that the BOP conduct its final halfway house eligibility review on the timeframe requested by petitioner.  Petitioner is correct that the BOP has the *discretion* to transfer prisoners at any time during their incarceration.  *See Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004); 18 U.S.C. § 3621(b).  However, the *obligation* under 18 U.S.C. § 3624(c) to place prisoners in an environment that affords them the opportunity to prepare for re-entry does not extend beyond the last six months of the sentence.  *Id.*

The BOP has explained that it will consider petitioner for release to a halfway house 11 to 13 months prior to his projected release date.  This timeframe is not contrary to law, and therefore petitioner's objection is overruled.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 11] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 10].  Accordingly, **IT IS HEREBY**

**ORDERED** that the Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED in part and DENIED in part**. The petition is granted to the extent that petitioner requests halfway house eligibility determination without regard to 28 C.F.R. §§ 570.20 and 570.21. The petition is denied to the extent that petitioner seeks immediate transfer to a halfway house or immediate determination of his halfway house eligibility date. The BOP shall conduct its review no later than 11 to 13 months before petitioner's projected release date, in accordance with the policy set forth in Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures.

**IT IS HEREBY FURTHER ORDERED** that respondent's motion to dismiss [Docket No. 12] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 26, 2006  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge